IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

PATRICK LEMUEL BASS             *

    Plaintiff,                  *

    v.                          *       3:05-CV-603-WKW
                                        (WO)
JAY JONES, SHERIFF, *et al.*,   *

    Defendants.                 *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on June 24, 2005. On August 24, 2005, the court entered an order of procedure which instructed Plaintiff, among other things, to inform the court of any change in his address as all parties have an affirmative duty to inform this court of any address changes during the pendency of their actions. (Doc. No. 10.)

When he filed this complaint, Plaintiff was incarcerated at the Lee County Detention Center located in Opelika, Alabama. During the pendency of this action, Plaintiff notified the court of an address change. Specifically, he advised the court that he was transferred to the Montgomery City Jail located in Montgomery, Alabama.

On January 16, 2007 the envelope containing Plaintiff's copy of an order filed January 5, 2007 was returned to the court marked "Return to Sender; Not at this Address," because Plaintiff was no longer at the Montgomery City Jail, which is the last known address the court has on file for Plaintiff. Consequently, the court entered an order on January 18, 2007

directing Plaintiff to inform the court of his present mailing address. (Doc. No. 33.) The court cautioned Plaintiff that his failure to comply with the court's January 18 order would result in a recommendation that this case be dismissed. (*Id.*) On January 23, 2007 the envelope containing Plaintiff's copy of the court's January 18, 2007 order was returned to the court marked as "undeliverable - Return to Sender, not at this address." As it appears clear that Plaintiff is no longer residing at the most recent address he provided to the court and that he has not provided this court with a new address, the undersigned concludes that dismissal of the complaint at this juncture is appropriate.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action properly and to comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **February 12, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 30th day of January, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE